IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(LEXINGTON DIVISION)

CHRISTINA M. YEOMAN                                    PLAINTIFF
1321 Gray Hawk Road, Apt. 8
Lexington, Kentucky 40502


                                    Case No. _____

v.

                                    Judge_____


WELTMAN, WEINBERG & REIS, CO., PSC            DEFENDANTS
323 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

        SERVE:      National Registered Agents, Inc.
                    306 West Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

THE UNIVERSITY OF KENTUCKY d/b/a
UK STUDENT ACCOUNTS RECEIVABLE
301 Main Building
Lexington, Kentucky 40506

        SERVE:      William Thro
                    Asst. Secretary / Board of Trustees
                    301 Main Building
                    Lexington, Kentucky 40506
                    (BY CERTIFIED MAIL)

AND

GLOBAL PAYMENTS DIRECT, INC. d/b/a
HEARTLAND ECSI
10 Glenlake Parkway, North Tower
Atlanta, Georgia 30328

        SERVE:      CT Corporation System
                          111 Eighth Avenue
                          New York, New York 10011
                          (BY KENTUCKY SECRETARY OF STATE)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:      The Prentice Hall Corporation System
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                          421 W. Main St.
                          Frankfort, KY 40601
                          (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

    Comes the Plaintiff, Christina M. Yeoman, by counsel, and for her Verified Complaint

against the Defendants, Weltman, Weinberg & Reis, Co., PSC ("Weltman"), the University of

Kentucky d/b/a UK Student Accounts Receivable ("UK"), Global Payments Direct, Inc. d/b/a

2

Heartland ECSI ("Heartland"), Trans Union, LLC ("Trans Union"), and Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., against Defendants, UK, Heartland, Trans Union, and Equifax, and for violation of the FCRA and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), against Defendant Weltman.  Plaintiff's claims arise out of all the Defendants' failure to investigate Plaintiff's disputes concerning certain student loan accounts and public records reporting on Plaintiff's credit reports and Defendants' false reporting of the alleged delinquent status of those accounts and public records.  Plaintiff's FDCPA claim against Weltman arises out of Weltman's attempts to collect an alleged private student loan debt which, at the time of Weltman's collection attempts, had been discharged in a prior Chapter 7 bankruptcy filed by Plaintiff.

## II. PARTIES

2.      Plaintiff, Christina M. Yeoman, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1321 Gray Hawk Road, Apt. 8, Lexington, Kentucky 40502.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA and the FDCPA.

4.      Defendant, Weltman, is an Ohio professional services corporation doing business in the Commonwealth of Kentucky with its principal place of business at 323 Lakeside Avenue, Suite 200, Cleveland, Ohio 44113

5.      Weltman is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b), and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

6.      Defendant, UK, is a public university in the Commonwealth of Kentucky with its principal place of business at 301 Main Building, Lexington, Kentucky 40506.

7.      UK is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

8.      Defendant, Heartland, is a New York corporation doing business in the Commonwealth of Kentucky with its principal place of business at 10 Glenlake Parkway, North Tower, Atlanta, Georgia 30328.

9.      Defendant, Heartland, is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

10.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

12.      Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13.      Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14.      Equifax is a "consumer reporting agency that compiles and maintains files on

4

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

15.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III.  JURISDICTION

16.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the FDCPA, 15 U.S.C. §1692k(d) ; (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Fayette County, Kentucky as a result of the Defendants' doing business in Fayette County, Kentucky.

## IV.  FACTUAL BACKGROUND

### Weltman and Trans Union – National Collegiate/AES Student Loan

17.     In or around August 2006, Plaintiff opened a private student loan account with National Collegiate/AES in the approximate amount of $48,000.

18.     Plaintiff filed for Chapter 7 bankruptcy protection in the Eastern District of Kentucky in October 2015.  The National Collegiate/AES debt was discharged in bankruptcy in 2016.

19.     In June 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed her Trans Union credit report and discovered derogatory tradelines furnished by Weltman regarding the National Collegiate/AES student loan account discharged in bankruptcy in 2016. Trans Union reported the alleged debt as "past due" and owing to Weltman.

20.     Immediately upon discovering Weltman's false and derogatory tradeline, Plaintiff filed a dispute with Trans Union regarding the inaccuracy of the tradeline given the discharge in bankruptcy of the student loan debt.

21.     Upon information and belief, Trans Union, pursuant to the requirements stated in 15

5

U.S.C. §1681i(a)(2)(A), notified Weltman of the dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Plaintiff.

22.   In July 2017, Weltman and Trans Union verified the alleged past due student loan account.

23.   Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Weltman and Trans Union failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

24.   Upon information and belief, Weltman and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Weltman's and Trans Union's receipt of Plaintiff's dispute.

25.   Weltman's and Trans Union's violations of the FCRA have damaged Plaintiff in that Plaintiff has been denied credit, has been forced to pay a high rate of interest for credit, and has suffered embarrassment, humiliation and emotional distress due to Weltman's and Trans Union's failure to investigate Plaintiff's dispute and Weltman's and Trans Union's false reporting of Plaintiff's alleged past due account.

### Weltman – Violation of the FDCPA

26.   As stated above, Plaintiff's original debt for the National Collegiate/AES student loan account was discharged in 2016 due to Plaintiff's Chapter 7 bankruptcy.

27.   Subsequent to both the bankruptcy and to Plaintiff's dispute to Trans Union of the Weltman tradeline concerning the National Collegiate/AES student loan account, Weltman has attempted to collect the alleged student loan debt on behalf of National Collegiate/AES.

28.   In fact, as recently as August 5, 2017, Weltman forwarded a collection letter to

Plaintiff demanding Plaintiff pay approximately $53,000 on the National Collegiate/AES student loan debt.

29.     Weltman's continuing attempts to collect the previously discharged student loan debt violates the FDCPA.

30.     Plaintiff has suffered humiliation, embarrassment, and physical and mental distress due to Weltman's violations of the FDCPA.

### UK, Heartland, Trans Union and Equifax – Nelnet Student Loan Accounts

31.     In or around January 2012, Plaintiff opened student loan accounts with ECSI in the approximate amount of $20,565.

32.     On August 4, 2016, Plaintiff was declared permanently disabled.  Soon after the declaration of permanent disability Plaintiff applied for and was granted forgiveness for her ECSI student loan debt.

33.     In June 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed her Trans Union and Equifax credit reports and discovered derogatory tradelines furnished by UK Student Accounts Receivable regarding the forgiven Nelnet student loan accounts.  Trans Union and Equifax reported the alleged debt as "past due" and owing to UK.

34.     Upon information and belief, Heartland acts as the collection agent for UK.  Plaintiff has received correspondence from Heartland regarding the debt evidenced by the tradeline furnished to Trans Union and Equifax by UK.  Also upon information and belief, Heartland provided the data to UK pursuant to which UK furnished the derogatory tradelines to Trans Union and Equifax.

35.     Immediately upon discovering UK's false and derogatory tradelines, Plaintiff filed disputes with Trans Union and Equifax regarding the inaccuracy of the tradelines given Nelnet's

forgiveness of the subject student loan debt.

36.     Upon information and belief, Trans Union and Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified UK and/or Heartland of the disputes at or within five (5) days of Trans Union's and Equifax's receiving notice of the disputes from Plaintiff.

37.     In July 2017, and UK, Heartland, Trans Union, and Equifax verified the alleged past due Nelnet student loan account.

38.     Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, UK, Heartland, Trans Union, and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report.

39.     Upon information and belief, UK, Heartland, Trans Union, and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following UK's Heartland's, Equifax's, and Trans Union's receipt of Plaintiff's disputes.

40.     UK's, Heartland's, Trans Union's, and Equifax's violations of the FCRA have damaged Plaintiff in that Plaintiff has been denied credit, has been forced to pay a high rate of interest for credit, and has suffered embarrassment, humiliation and emotional distress due to UK's, Heartland's, Trans Union's, and Equifax's failure to investigate Plaintiff's dispute and UK's, Heartland's, Trans Union's, and Equifax's false reporting of Plaintiff's alleged past due account.

### Equifax – Failure to Investigate Disputes Regarding Public Record

41.     In June 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed her Equifax credit report and discovered derogatory public record information concerning an alleged state tax lien.

42.     Immediately upon discovering the derogatory tax lien information on her Equifax credit report, Plaintiff filed a dispute with Equifax regarding the inaccuracy of the information. Specifically, Plaintiff disputed tax lien bk655pg72020000.

43.     In July 2017, Plaintiff received the results of her dispute from Equifax. Those results falsely indicated that the subject tax lien wasn't reporting on Plaintiff's Equifax credit report.

44.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Equifax failed to investigate Plaintiff's dispute and failed to remove the item from Plaintiff's credit report.

45.     Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute.

46.     Equifax's violations of the FCRA have damaged Plaintiff in that Plaintiff has been denied credit, has been forced to pay a high rate of interest for credit, and has suffered embarrassment, humiliation and emotional distress due to Equifax's failure to investigate Plaintiff's dispute and Equifax's false reporting of the disputed tax lien.

## V.  CLAIMS

### Negligence – Weltman

47.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48.     Weltman's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account was negligent under applicable law.

49.     In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due account, Weltman breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

50.     Weltman's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

51.     Weltman's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – UK

52.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53.     UK's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Equifax regarding the alleged past due account was negligent under applicable law.

54.     In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due account, UK breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

55.     UK's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Equifax regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

56.     UK's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Equifax regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Heartland**

57.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58.     Heartland's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Equifax regarding the alleged past due account was negligent under applicable law.

59.     In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due account, Heartland breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

60.     Heartland's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Equifax regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

61.     Heartland's failure to investigate Plaintiff's disputes and its false reporting to Trans Union and Equifax regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Equifax**

62.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63.     Equifax's failure to investigate Plaintiff's disputes regarding the UK/Heartland tradelines and the above-described public record, and its failure to remove and/or amend the UK/Heartland tradeline and the above-described public record from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the UK/Heartland tradeline and the public record, was negligent.

64.     In failing to investigate Plaintiff's disputes and in failing to remove and/or amend

the UK/Heartland tradeline and the public record, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

65.     Equifax's negligent failure to remove the UK/Heartland tradeline and the public record from Plaintiff's Equifax credit reports has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

66.     Equifax's failure to investigate Plaintiff's disputes and its failure to remove and/or amend the UK/Heartland tradeline and the public record from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

67.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

68.     Trans Union's failure to investigate Plaintiff's disputes regarding the UK/Heartland and Weltman tradelines, and its failure to remove and/or amend the UK/Heartland and Weltman tradelines from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the UK/Heartland and Weltman tradelines, was negligent.

69.     In failing to investigate Plaintiff's disputes and in failing to remove the UK/Heartland and Weltman tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

70.     Trans Union's negligent failure to remove the UK/Heartland and Weltman tradelines from Plaintiff's Trans Union credit report has caused, and continues to cause damages

to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

71.     Trans Union's failure to investigate Plaintiff's disputes and its failure to remove the UK/Heartland and Weltman tradelines from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – Weltman

72.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 71 as if fully set forth herein.

73.     Weltman, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Trans Union credit reports, that Plaintiff has a past due account with Weltman.

74.     Weltman's statements were false and were made with conscious disregard for the rights of the Plaintiff.

75.     Weltman's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Weltman account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – UK

76.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 75 as if fully set forth herein.

77.     UK, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Trans Union, and other

currently unknown individuals and/or entities who have accessed Plaintiff's Equifax and Trans Union credit reports, that Plaintiff has a past due account with UK.

78.     UK's statements were false and were made with conscious disregard for the rights of the Plaintiff.

79.     UK's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Weltman account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Heartland

80.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 79 as if fully set forth herein.

81.     Heartland, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax and Trans Union credit reports, that Plaintiff has a past due account with Heartland.

82.     Heartland's statements were false and were made with conscious disregard for the rights of the Plaintiff.

83.     Heartland's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due UK/Heartland account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

84.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, UK, Heartland, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with UK/Heartland and a state tax lien.

86. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

87. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due UK/Heartland account and Plaintiff's alleged state tax lien amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

88. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 87 as if fully set forth herein.

89. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, UK, Heartland, Weltman, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has past due accounts with Weltman and UK/Heartland.

90. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

91. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Weltman and UK/Heartland accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – Weltman**

92.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 91 as if fully set forth herein.

93.    Weltman's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due Weltman account are violations of Weltman's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

94.    Weltman's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Weltman is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – UK**

95.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

96.    UK's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union and Equifax of Plaintiff's alleged past due UK account are violations of UK's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

97.    UK's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which UK is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Heartland**

98.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 97 as if fully set forth herein.

99.    Heartland's failure to investigate Plaintiff's dispute and its initial and continuing

false reporting to Trans Union and Equifax of Plaintiff's alleged past due UK/Heartland account are violations of Heartland's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

100.   Heartland's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Heartland is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

101.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 100 as if fully set forth herein.

102.   Equifax's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed UK/Heartland tradeline and the state tax lien information from Plaintiff's Equifax credit report, despite Equifax's knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

103.   Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

104.   Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

105.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 104 as if fully set forth herein.

106.    Trans Union's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed Weltman and UK/Heartland tradelines from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

107.    Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's Trans Union credit reports within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

108.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Weltman**

109.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 108 as if fully set forth herein.

110.    Weltman's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due Weltman account, despite Weltman's knowledge of the falsity of its reporting, are willful violations of Weltman's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

111.    Given Weltman's knowledge of the falsity of its reporting, Weltman's violations of

the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Weltman is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – UK

112.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 111 as if fully set forth herein.

113.   UK's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union and Equifax of Plaintiff's alleged past due UK account, despite UK's knowledge of the falsity of its reporting, are willful violations of UK's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

114.   Given UK's knowledge of the falsity of its reporting, UK's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which UK is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Heartland

115.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 114 as if fully set forth herein.

116.   Heartland's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union and Equifax of Plaintiff's alleged past due UK/Heartland account, despite Heartland's knowledge of the falsity of its reporting, are willful violations of Heartland's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

117.   Given Heartland's knowledge of the falsity of its reporting, Heartland's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for

which Heartland is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

118.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 117 as if fully set forth herein.

119.   Equifax's failure to investigate Plaintiff's dispute and to remove and/or amend the UK/Heartland tradeline and the state tax lien from Plaintiff's Equifax credit report despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

120.   Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

121.   Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

122.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 121 as if fully set forth herein.

123.   Trans Union's failure to investigate Plaintiff's dispute and to remove and/or amend the UK/Heartland and Weltman tradelines from Plaintiff's Trans Union credit report despite Trans

Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

124.    Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

125.    Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the FDCPA – Weltman

126.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 125 as if fully set forth herein.

127.    Weltman violated the FDCPA.  Weltman's violations of the FCDPA include, but are not limited to, violations of 15 U.S.C. §1692e(2)(A) and §1692f(1) which respectively prohibit a debt collector's false representation concerning the character, amount or legal status of any alleged debt, and prohibit attempted collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

128.    As a result of the foregoing violations of the FDCPA, Weltman is liable to Plaintiff for declaratory judgment that Weltman's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys' fees.

WHEREFORE, Plaintiff, Christina M. Yeoman, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
Counsel for Plaintiff

## **VERIFICATION**

I, Christina M. Yeoman, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Christina M. Yeoman


COMMONWEALTH OF KENTUCKY          )
                                  ) SS
COUNTY OF ~~FAYETTE~~ JEFFERSON   )


Subscribed, sworn to and acknowledged before me by Christina M. Yeoman this 31 day of October , 2017.

_____
Notary Public

Commission expires: March 28, 2017

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018


24