IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(LEXINGTON DIVISION)

CHRISTINA M. YEOMAN                                 PLAINTIFF
1321 Gray Hawk Road, Apt. 8
Lexington, Kentucky 40502

                                                                   Case No. _____

v.

                                                                   Judge _____

WELTMAN, WEINBERG & REIS, CO., PSC                DEFENDANTS
323 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

        SERVE:      National Registered Agents, Inc.
                              306 West Main Street, Suite 512
                              Frankfort, Kentucky 40601
                              (BY CERTIFIED MAIL)

AND

LINDA SMITHA
In her official capacity as Director of Student Account Services
of the University of Kentucky
301 Main Building
Lexington, Kentucky 40506

        SERVE:      William Thro
                              Asst. Secretary / Board of Trustees
                              301 Main Building
                              Lexington, Kentucky 40506
                              (BY CERTIFIED MAIL)

                              and

Linda Smitha
Director, Student Account Services
18 Funkhouser Building
Lexington, Kentucky 40506
(BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:    The Prentice Hall Corporation System
421 W. Main Street
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## AMENDED VERIFIED COMPLAINT

Comes the Plaintiff, Christina M. Yeoman, by counsel, and for her Amended Verified Complaint against the Defendants, Weltman, Weinberg & Reis, Co., PSC ("Weltman"), Linda Smitha, in her official capacity as Director of Student Account Services at the University of Kentucky and Trans Union, LLC ("Trans Union"), states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., against Defendants, Weltman, Linda Smitha, and Trans Union, and for violation of the FCRA and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA"), against Defendant Weltman. Plaintiff's claims arise out of all the Defendants' failure to investigate Plaintiff's disputes concerning certain student loan accounts and public records reporting on Plaintiff's credit reports and Defendants' false reporting

2

of the alleged delinquent status of those accounts and public records. Plaintiff's FDCPA claim against Weltman arises out of Weltman's attempts to collect an alleged private student loan debt which, at the time of Weltman's collection attempts, had been discharged in a prior Chapter 7 bankruptcy filed by Plaintiff.

## II. PARTIES

2. Plaintiff, Christina M. Yeoman, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1321 Gray Hawk Road, Apt. 8, Lexington, Kentucky 40502.

3. Plaintiff is a "consumer" as that term is defined by the FCRA and the FDCPA.

4. Defendant, Weltman, is an Ohio professional services corporation doing business in the Commonwealth of Kentucky with its principal place of business at 323 Lakeside Avenue, Suite 200, Cleveland, Ohio 44113

5. Weltman is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b), and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Defendant, Smitha is Director of Student Account Services at the University of Kentucky with its principal place of business at 301 Main Building, Lexington, Kentucky 40506.

7. Smitha is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

8. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

9. Trans Union is a "consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

11. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the FDCPA, 15 U.S.C. §1692k(d) ; (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Fayette County, Kentucky as a result of the Defendants' doing business in Fayette County, Kentucky.

### IV. FACTUAL BACKGROUND

#### Weltman and Trans Union – National Collegiate/AES Student Loan

12. In or around August 2006, Plaintiff opened a private student loan account with National Collegiate/AES in the approximate amount of $48,000.

13. Plaintiff filed for Chapter 7 bankruptcy protection in the Eastern District of Kentucky in October 2015. The National Collegiate/AES debt was discharged in bankruptcy in 2016.

14. In June 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed her Trans Union credit report and discovered derogatory tradelines furnished by Weltman regarding the National Collegiate/AES student loan account discharged in bankruptcy in 2016. Trans Union reported the alleged debt as "past due" and owing to Weltman.

15. Immediately upon discovering Weltman's false and derogatory tradeline, Plaintiff filed a dispute with Trans Union regarding the inaccuracy of the tradeline given the discharge in bankruptcy of the student loan debt.

16. Upon information and belief, Trans Union, pursuant to the requirements stated in 15

4

U.S.C. §1681i(a)(2)(A), notified Weltman of the dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Plaintiff.

17. In July 2017, Weltman and Trans Union verified the alleged past due student loan account.

18. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Weltman and Trans Union failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

19. Upon information and belief, Weltman and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Weltman's and Trans Union's receipt of Plaintiff's dispute.

20. Weltman's and Trans Union's violations of the FCRA have damaged Plaintiff in that Plaintiff has been denied credit, has been forced to pay a high rate of interest for credit, and has suffered embarrassment, humiliation and emotional distress due to Weltman's and Trans Union's failure to investigate Plaintiff's dispute and Weltman's and Trans Union's false reporting of Plaintiff's alleged past due account.

### Weltman – Violation of the FDCPA

21. As stated above, Plaintiff's original debt for the National Collegiate/AES student loan account was discharged in 2016 due to Plaintiff's Chapter 7 bankruptcy.

22. Subsequent to both the bankruptcy and to Plaintiff's dispute to Trans Union of the Weltman tradeline concerning the National Collegiate/AES student loan account, Weltman has attempted to collect the alleged student loan debt on behalf of National Collegiate/AES.

23. In fact, as recently as August 5, 2017, Weltman forwarded a collection letter to

Plaintiff demanding Plaintiff pay approximately $53,000 on the National Collegiate/AES student loan debt.

24. Weltman's continuing attempts to collect the previously discharged student loan debt violates the FDCPA.

25. Plaintiff has suffered humiliation, embarrassment, and physical and mental distress due to Weltman's violations of the FDCPA.

### Smitha and Trans Union – Heartland/UK Student Loan Accounts

26. In or around January 2012, Plaintiff opened student loan accounts with Heartland ECSI in the approximate amount of $20,565.

27. On August 4, 2016, Plaintiff was declared permanently disabled. Soon after the declaration of permanent disability Plaintiff applied for and was granted forgiveness for her Heartland ECSI student loan debt.

28. In June 2017, Plaintiff, while in the process of seeking home mortgage financing, accessed her Trans Union and Equifax credit reports and discovered derogatory tradelines furnished by Smitha and UK Student Accounts Receivable regarding the forgiven Nelnet student loan accounts. Trans Union Equifax reported the alleged debt as "past due" and owing to UK.

29. Upon information and belief, Heartland ECSI acts as the collection agent for Smitha. Plaintiff has received correspondence from Heartland ECSI regarding the debt evidenced by the tradeline furnished to Trans Union by Smitha. Also upon information and belief, Heartland ECSI provided the data to Smitha pursuant to which Smitha furnished the derogatory tradelines to Trans Union and Equifax.

30. Immediately upon discovering Smitha's false and derogatory tradelines, Plaintiff filed disputes with Trans Union regarding the inaccuracy of the tradelines given Nelnet's

6

forgiveness of the subject student loan debt.

31. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Smitha of the disputes at or within five (5) days of Trans Union's and Equifax's receiving notice of the disputes from Plaintiff.

32. In July 2017, Smitha and Trans Union verified the alleged past due Nelnet student loan account.

33. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Smitha and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report.

34. Upon information and belief, Smitha and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following Smitha's and Trans Union's receipt of Plaintiff's disputes.

35. Smitha's and Trans Union's violations of the FCRA have damaged Plaintiff in that Plaintiff has been denied credit, has been forced to pay a high rate of interest for credit, and has suffered embarrassment, humiliation and emotional distress due to Smitha's and Trans Union's failure to investigate Plaintiff's dispute and Smitha's and Trans Union's false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – Weltman

36. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Weltman's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account was negligent under applicable law.

38. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due account, Weltman breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

39. Weltman's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40. Weltman's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Smitha

41. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Smitha's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account was negligent under applicable law.

43. In failing to investigate Plaintiff's disputes and in falsely reporting the alleged past due account, Smitha breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

44. Smitha's failure to investigate Plaintiff's disputes and its false reporting to Trans Union regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

45. Smitha's failure to investigate Plaintiff's disputes and its false reporting to Trans

Union regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

46. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. Trans Union's failure to investigate Plaintiff's disputes regarding the Heartland ECSI and Weltman tradelines, and its failure to remove and/or amend the Heartland ECSI and Weltman tradelines from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the Heartland ECSI and Weltman tradelines, was negligent.

48. In failing to investigate Plaintiff's disputes and in failing to remove the Heartland ECSI and Weltman tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

49. Trans Union's negligent failure to remove the Heartland ECSI and Weltman tradelines from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

50. Trans Union's failure to investigate Plaintiff's disputes and its failure to remove the Heartland ECSI and Weltman tradelines from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Weltman

51. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. Weltman, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Trans Union credit reports, that Plaintiff has a past due account with Weltman.

53. Weltman's statements were false and were made with conscious disregard for the rights of the Plaintiff.

54. Weltman's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Weltman account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Smitha

55. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56. Smitha, with knowledge of the falsity of her statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax and Trans Union credit reports, that Plaintiff has a past due account with Smitha and/or the student account services offices of the University of Kentucky.

57. Smitha's statements were false and were made with conscious disregard for the rights of the Plaintiff.

58. Smitha's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Weltman account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

59. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Heartland ECSI, Weltman, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has past due accounts with Weltman and Heartland ECSI.

61. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

62. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Weltman and Heartland ECSI accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Weltman

63. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Weltman's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due Weltman account are violations of Weltman's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

65. Weltman's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Weltman is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Smitha

66. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. Smitha's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due student loan account are violations of Smitha's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

68. Smitha's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Smitha is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

69. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70. Trans Union's failure to investigate Plaintiff's disputes and to remove and/or amend the disputed Weltman and Heartland ECSI tradelines from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71. Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's Trans Union credit reports within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

72. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Weltman**

73. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. Weltman's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due Weltman account, despite Weltman's knowledge of the falsity of its reporting, are willful violations of Weltman's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

75. Given Weltman's knowledge of the falsity of its reporting, Weltman's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Weltman is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Smitha**

76. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77. Smitha's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due student loan account, despite Smitha's knowledge of the falsity of the reporting, are willful violations of Smitha's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

78. Given Smitha's knowledge of the falsity of the reporting, Smitha's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Smitha is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive

damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

79. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80. Trans Union's failure to investigate Plaintiff's dispute and to remove and/or amend the Heartland ECSI and Weltman tradelines from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

81. Trans Union's failure to investigate Plaintiff's disputes, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove and/or amend the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

82. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Violation of the FDCPA – Weltman

83. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

84. Weltman violated the FDCPA. Weltman's violations of the FCDPA include, but are not limited to, violations of 15 U.S.C. §1692e(2)(A) and §1692f(1) which respectively prohibit

a debt collector's false representation concerning the character, amount or legal status of any alleged debt, and prohibit attempted collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

  85. As a result of the foregoing violations of the FDCPA, Weltman is liable to Plaintiff for declaratory judgment that Weltman's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorneys' fees.

WHEREFORE, Plaintiff, Christina M. Yeoman, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

           Respectfully submitted,

           */s/David W. Hemminger*
           David W. Hemminger
           HEMMINGER LAW OFFICE, PSC
           616 South Fifth St.
           Louisville, KY 40202
           Phone, (502) 443-1060
           Facsimile, (502) 589-3004
           hemmingerlawoffice@gmail.com
           *Counsel for Plaintiff*

## VERIFICATION

I, Christina M. Yeoman, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Christina M. Yeoman

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF ~~FAYETTE~~ JEFFERSON )

Subscribed, sworn to and acknowledged before me by Christina M. Yeoman this 31 day of October, 2017.

_____
Notary Public

Commission expires: March 28, 2017

Notary Public, State at Large, KY
My Commission Expires Mar. 28, 2018

2~~4~~-